IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SERON SMITH, #183 558, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:16-CV-728-WKW |
| | )  [WO] |
| WILLIAM BENNETT, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Bibb Correctional Facility, complains that on May 30, 2016, Defendants failed to protect him from an inmate assault. Plaintiff alleges that Defendants continue to be deliberately indifferent to his safety by housing him with inmates who belong to the same gang as the inmate who assaulted him and who have threatened him with harm. Finally, Plaintiff appears to complain that Defendants improperly subjected him to disciplinary action as a result of the May 30, 2016 incident. Doc. 1.

The Bibb Correctional Facility is in Brent, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama. Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] Plaintiff's complaint is accompanied by a request for leave to proceed *in forma pauperis*. Doc. # 2. The assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## I.  DISCUSSION

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … or (3) if there is no district in which an action may otherwise be brought as provided in this section, any  judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought … ." 28 U.S.C. § 1404(a).

The actions about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama.  The factual allegations set forth in the complaint reflect that a majority of the named defendants are located in the Northern District of Alabama. Although Defendants Dunn and Price reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state.  Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

## II. CONCLUSION

---

[2] In so ruling, the court does not address the merits of Plaintiff's complaint against the named parties.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that **on or before October 10, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 26th day of September, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge